# DISSENTING OPINION

No. 04-12-00076-CV

**IN RE** Ricardo **FLORES**

Original Mandamus Proceeding[1]

Opinion by:    Sandee Bryan Marion, Justice
Dissenting opinion by:  Steven C. Hilbig, Justice

Sitting:        Sandee Bryan Marion, Justice
                Steven C. Hilbig, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  March 7, 2012

The majority concludes relator Ricardo Flores is not entitled to go forward with his petition for a writ of mandamus because the issue raised in his petition is moot.  I respectfully disagree.

On December 19, 2011, relator Ricardo Flores submitted to respondent Sergio Mora, Chairman of the Webb County Democratic Party, his application for a place on the Webb County Democratic Primary ballot as a candidate for the Office of Sheriff, Webb County, Texas.  On December 23, 2011, Mora declared Flores ineligible because he concluded public records established Flores failed to meet the residency requirements to be eligible for the position of Sheriff.  Flores filed his application for a writ of mandamus in this court on February 3, 2012, requesting this court to order Mora place Flores's name on the Democratic primary ballot.

The applicable provision of the Texas Election Code is section 141.001(a)(5)(A), which provides that in order "[t]o be eligible to be a candidate for, or elected or appointed to, a public elective office in this state, a person must . . . have resided continuously in the state for 12 months and in the territory from which the office is elected for six months immediately

---

[1] This proceeding is brought pursuant to Texas Election Code section 273.061.  The respondent is Sergio Mora, Chairman of the Webb County Democratic Party.

preceding. . . the date of the regular filing deadline for a candidate's application for a place on the ballot." TEX. ELEC. CODE ANN. § 141.001(a)(5)(A) (West 2010). A candidate may be declared ineligible only in the following circumstances: "(1) the information on the candidate's application for a place on the ballot indicates that the candidate is ineligible for the office; or (2) facts indicating that the candidate is ineligible are conclusively established by another public record." *Id*. § 145.003(f).

Flores contends the records Mora relied upon to declare Flores ineligible did not conclusively establish he was not a resident of Texas for the requisite period of time. To the contrary, Flores contends his absence from Texas while living in Arizona was temporary. Flores concludes Mora made a factual determination as to residency, which Mora was unable to do.

In light of this history, the majority concludes that the ordering of a new primary date by the three-judge panel in the cause entitled *Shannon Perez, et. al. v. State of Texas, et. al.*, under Cause No. 11-CV-360-OLG-JES-XR, pending in the United States District Court for the Western District of Texas, renders Flores's mandamus petition moot. I disagree. According to the court's order issued on March 1, 2012, any application for a place on the ballot filed during the original ballot application filing period, but before March 2, 2012, will be deemed submitted as of March 2, 2012, unless withdrawn by the candidate. The court further ordered the period for filing an application to be placed on the ballot to begin on March 2, 2012, and end on March 9, 2012. Under the federal court order, Flores is entitled to rely on his previously-filed ballot application. The ordering of a new primary election date does alter the relief requested by Flores — to be placed on the Democratic primary ballot regardless of the date the election is held. A controversy still exists whether Mora erred by concluding public records conclusively

established Flores failed to meet the residency requirements to be eligible for the position of Sheriff.

Because I believe the court should address the merits of Flores's petition, I dissent.

Steven C. Hilbig, Justice